THOMAS S. DOBBINS

*v.*

JAMES DUQUID *et al.*

1. DAMAGES, EXCESSIVE—*depriving lessees of use of leased premises.* Where the defendant, through his agent, had leased certain premises to the plaintiffs, with a building thereon, which was used by them as coal and wood dealers, and after the building was burned, the defendant, through his agents, leased the premises to other parties, who took possession of the same, it appearing that the defendant was ignorant in fact of plaintiff's rights, and acted out of no bad motives; and when it also appeared that defendant, upon learning the facts, offered to erect another building for the plaintiffs, and let them have the same with more ground than they had before, but a short distance from the original premises, so that they might have continued their business, which was refused, and it further appeared that plaintiffs' lease did not have more than six or seven months to run after the destruction of the building: *Held,* where the jury, in an action

of trespass *quare clausum fregit*, allowed the plaintiffs $3000, that the verdict was manifestly unjust and the damages excessive.

2. LANDLORD AND TENANT—*measure of damages for depriving lessee of use of demised premises*. Where the lessor of premises used by the lessees in carrying on the business of wood and coal dealers, after the destruction of the buildings thereon by the great fire in Chicago in October, 1871, and before the expiration of the term, executed a second lease and put other parties in possession of the same premises: *Held*, that the lessor was liable to the prior lessees, in any event, for the difference between the rent to be paid by them, and the actual rental value of the property, and also for any loss to their business which could not reasonably have been avoided.

3. But the law required the lessees to make ordinary and reasonable effort to prevent any loss to their business, and if by such effort they could have prevented such loss, they would not have the right to insist on full compensation for the same from the lessor.

4. DAMAGES—*punitive*. In trespass for breaking and entering the plaintiff's close, punitive damages may be recovered, where there is proof of fraud, wilful negligence or malice. But where the lessor leases the premises a second time while they are apparently unoccupied, and in ignorance of a prior lease, made by his agent, and acting in good faith, and after learning the fact, did all in his power to make reparation by offering other premises, he will not be liable to punitive damages.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of trespass *quare clausum fregit* by James Duquid and James Creighton against Thomas S. Dobbins. The declaration alleged that the plaintiffs were in the lawful possession of the close, describing it, and that they had built up a business and trade at the *locus in quo*, under the name of Duquid & Creighton, and were in the lawful possession thereof, and carrying on said business on the 12th day of October, 1871, on which day the defendant forcibly broke and entered said premises so occupied by the plaintiffs, and there and then expelled, put out and excluded the plaintiffs from the possession, use, occupation and enjoyment of the same from that time to the commencement of the suit; whereby the plaintiffs were during all that time deprived of the use, occupation and benefit of the premises, and plaintiffs' business and trade, the trade reputation and good will of the same,

30— 65TH ILL.

became and were injured, broken up and destroyed, and they lost their customers and the profits derived from said trade and business, and other wronge, etc. The material facts are stated in the opinion of the court.

A trial was had resulting in a verdict and judgment of $3000 damages against the defendant, from which he appealed.

Messrs. HARDING & McCOY, for the appellant.

Messrs. NICHOLES, McKINDLEY & MORRISON, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:.

After a careful consideration of this case, we are of opinion that the judgment should be reversed.

From the facts proved the damages are certainly excessive. They resulted chiefly from the loss of the retail business of the parties. If this could have been prevented by reasonable effort, then the verdict is manifestly unjust.

There is not evidence of wilful and wanton conduct on the part of Dobbins. His agents had leased the premises to the plaintiffs below, and the term did not expire until May, 1872. They had a building on the premises, and carried on the business of coal and wood dealers. The place was not used for storage, except for some surplus wood, but orders for their retail trade were there received. During the fearful calamity in Chicago in October, 1871, the house, and with it the lease, were destroyed by fire. During the confusion consequent upon the fire, and there being no visible possession of the lot of ground, other agents of Dobbins, who supposed the plaintiffs were tenants at will, leased the ground to Rice & Co., who took possession and commenced improvements upon it. It is not certain or probable that Dobbins had any recollection of the former lease. It is true, he was bound to know whether or not he had leased to the plaintiffs;

but the fact of his non-recollection should have some bearing upon the question of his wilfulness, in assenting to the second leasing.

Under these circumstances one of the plaintiffs found the premises in possession of Rice & Co., and he protested against it, and had an interview with Dobbins.

At this interview Dobbins offered to finish an office as good as the one previously occupied by plaintiffs on the same ground,' and to give it to them rent free until the expiration of their lease, and to furnish more ground than they had before, on the same street and only one hundred feet west of the former location. This offer is abundantly proved, and is admitted by one of the plaintiffs, though he said he did not believe Dobbins. The proposition was rejected, and the reply made that the claim for damages would be enforced.

It is not sufficient that the plaintiffs mistrusted Dobbins. They should have tested his good faith in making the offer by a prompt acceptance of it, if this would have prevented the loss they sustained. Under the facts disclosed the proposal was fair and liberal, and we have discovered nothing in the record to impugn the good motives which we must presume induced it.

The lessor of the plaintiffs was unquestionably liable to them for any loss to their business which could not reasonably have been avoided, as they had been deprived of the use of the ground by the second leasing and the possession flowing from it. The law, however, imposed a duty upon them. It required them to make ordinary and reasonable effort to prevent any loss. They had no right to look exclusively to the recovery of damages for compensation, but must exercise the same prudence to guard against loss as if they had no other redress.

In any event, the plaintiffs are entitled to recover the difference between the rent to be paid and the actual rental value of the property.

In this form of action punitive damages may also be given. As a basis for them there should be proof of fraud, wilful negligence or malice. As already remarked, the proof before us does not show willful conduct on the part of the lessor.

W̦e are, however, of opinion that the damages are excessive. We are not satisfied as to the efforts on the part of plaintiffs to obtain another place for conducting their business. They refused the offer made to them by the lessor when an acceptance of it might have prevented the loss of profits.

If such would probably have been the effect, the offer should not have been rejected. If the loss of profits might thus have been avoided—and this is a reasonable conclusion from the proof—then the large verdict can not be sustained. *Green* v. *Williams*, 45 Ill. 206.

The plaintiffs can only recover for the natural consequences of the wrongful act charged, and not for consequential damages, which might have been avoided by ordinary care on their part.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE McALLISTER : I do not concur in the position that the offer by Dobbins of other premises should be received in mitigation of damages. The evidence shows a wilful trespass.