SAMUEL A. DURAND, plaintiff in error, *vs.* FREDERICK A. WILLIAMS, defendant in error.

Where an action was commenced on February 28th, 1873, on a covenant of warranty contained in a deed made in June, 1863, and it appeared that at the time of the execution of said conveyance by the defendant, the land was in possession of a third person under paramount title thereto, such suit was barred by the provisions of the act of March 16th, 1869.

Statute of limitations. Warranty. Before Judge HOPKINS. Fulton Superior Court. April Term, 1874.

For the facts of this case, see the decision.

L. J. WINN, for plaintiff in error.

W. H. DABNEY, by brief, for defendant.

WARNER, Chief Justice.

The plaintiff brought an action of covenant against the defendant, on a warranty contained in a deed made by the defendant to him for a certain described tract of land mentioned therein, which deed was executed in June, 1863. It appears from the evidence in the record that at the time the deed was executed by the defendant to the plaintiff, one Powell was in possession of the land under a paramount title thereto—the plaintiff had sold the land and made a warranty deed to his vendee. The plaintiff being examined as a witness, stated that he did not know that Powell or any one else was in possession of the land, until after he sold it. The defendant pleaded the statute of limitations of 1869 in bar of plaintiff's right to recover. The action was commenced 28th February, 1873. There had been a recovery against the plaintiff by his vendee, on his covenant of warranty to him for a breach thereof, in October, 1872. The court charged the jury "that if it appears from the evidence that the plaintiff purchased of the defendant the land described in his declaration, and made him a warranty deed therefor, as averred in the declaration, prior to June 1st, 1865, and at the time of the purchase the land

Durand *vs.* Williams.

was in the actual possession of another, under a paramount title, and it further appears that this suit was not instituted until after January 1st, 1870, the plaintiff's cause of action would be barred, and he would not be entitled to recover." To which charge the plaintiff excepted.

The question made by the record in this case is as to the time when the plaintiff's right of action accrued. The plaintiff in the court below, and plaintiff in error here, insists that his right of action against the defendant did not accrue until the recovery was had against him for a breach of his covenant of warranty by his vendee. That undoubtedly would have been so had there not have been a breach of the covenant at and before the conveyance of the plaintiff's title to his vendee. When Williams conveyed the land to Durand, the present plaintiff, there had been a breach of the covenant of title, and that covenant was broken at the time it was made, in 1863. Durand's cause of action for a breach of the covenant contained in Williams' deed accrued to him then. The deed of Durand to his vendee conveyed nothing more than a broken covenant. He was not seized of the land at the time he conveyed it, and not being seized of the land at the time of his conveyance, he could convey nothing but a mere *chose* in action. If Williams had been legally seized of the land at the time he conveyed it to Durand, and Durand had been legally seized of it at the time he conveyed to his vendee, then it would have been altogether a different question. The covenant for seizin being broken at the time of its execution by Williams to Durand, it was a mere right of action, incapable of assignment to his vendee as a covenant of seizin running with the land. When Durand executed his deed to his vendee, he had no title to the land to convey to him, and he was not seized of any land to which any covenants of warranty running with it could attach. The right to sue for a breach of Williams' covenant in his deed was in Durand, and that right accrued to him in 1863, which was prior to the 1st of June, 1865, and comes within the provisions of the 3d section of the limitation act of 1869.

The plaintiff, in contemplation of the law, will be presumed to know who was in possession of the land purchased and conveyed by him; at least, actual possession thereof by another would be notice to him. In the case of *George vs. Gardner*, 49 *Georgia*, 441, we held that the act of 1869, allowing nine months and a half within which plaintiffs should institute their suits, was not so unreasonably short as to make that act unconstitutional.

In view of the facts disclosed by the record in this case, we find no error in the refusal of the court to charge as requested, or in the charge as given.

Let the judgment of the court below be affirmed.