### J. BURROWS *vs.* PAALUHI.

ON APPEAL FROM THE INTERMEDIARY COURT OF OAHU ON POINTS OF LAW.

TENANTS IN COMMON OF PASTURE LAND made certain rules in writing, regulating the management of their land.

A rule of this company that no owner should rent out the right of pasturage without the consent of the manager ;

HELD, such rule, until rescinded, was binding upon the owners and lessees having notice.

Opinion of the Court by JUDD, C. J.

This case is brought under the provisions of the Civil Code referring to Pounds and Estrays, etc., (Section 244 et seq.,) to determine whether the defendant lawfully impounded the cattle of plaintiff.

From record of testimony on file it appears that one J. Kanui is a shareholder in a company (Hui) owning a tract of land in Manoa valley. He leased by an instrument exhibited, "Kona kuleana iloko o ka aina o ka poe Hui ma Manoa," that is, his interest in the land of the company for $15 per year, the lease dated April 28, 1880, and without specifying any term of years.

There is also exhibited a schedule of thirty rules governing this company, signed by the members of it including Kanui, and reference is made to rule 18, which may be rendered in English thus : Rule 18, "If any member of the Company has no animals, or not the full number allowed, and wishes to

hire, (the pasture of) the remainder, he shall give it to the manager of the Company, who will hire to the full number; it is not allowed to the members of the Hui to rent to another without the consent of the manager of the Hui." The manager is the defendant.

By the 9th rule each member was allowed to run fifteen head of cattle. In pursuance of the lease plaintiff put twelve head of cattle on the land where they remained till they were taken up and impounded by the defendant.

The defence is that the lease to the plaintiff is invalid because not made in conformity to the rules of the company.

The defendant testifies, "Joe Burrows came to me to get me to write my name on the lease from Kanui. I refused to write my name on the lease because the rules of the Hui required that all leases should be made by the luna of the Hui, and because the price was too low, only about $1 per head per annum. I forbid him from putting his cattle on the land."

The plaintiff testifies, "I went to Paaluhi, the luna, with Narcisse Perry. He (the luna defendant) said he ought to make the lease as he got a percentage of the money. I offered to pay him his commission of twenty-five cents on the dollar."

It is thus made clear that plaintiff had notice of the rule. The title under which the "Hui" hold this land is Royal Patent No. 116 to W. H. Rice as trustee for himself and some thirty-four other persons, the plaintiff's lessor being one of them. As tenants in common, each one has the right to alienate his undivided share either by absolute conveyance, or, as in this case, by a lease of the privilege of pasturage, unless restricted by some covenant or agreement in writing made by all of them.

We think rule 18 of the Constitution of this Hui is to be regarded as a mutual agreement which bound the tenants, so long as it was unrescinded, that they would not rent out the right of pasturage without the consent of the luna; probably in order to avoid confusion, the entry of animals on the land

unknown to the luna and the putting on of animals beyond the agreed limit of fifteen to each tenant in common. It would seem that such a rule mutually made by the owners for the regulation of a pasture land of restricted area would be binding on parties until mutually rescinded in the method agreed upon, and upon their assigns or lessees, provided they had notice of the regulation.

But the luna interpreted the rule to give him arbitrary authority to refuse to, sanction the lease to plaintiff. He was offered his commission and the opportunity of making the lease his own act by signing it, and thus bringing it into conformity with the rules. The lessee (plaintiff) had not exceeded the right assigned him, for he put only twelve head of cattle on the land, whereas he was entitled to run fifteen. The luna's objection that the fee of $15 per year for the privilege, was too low would not authorize him to reject it, if the lessor was satisfied with the terms.

We think that the tenant Kanui and his lessee the plaintiff, have complied substantially with rule 18, and that the cattle put on the land under these circumstances cannot be considered as in trespass.

Judgment of Intermediary Court affirmed, that the plaintiff recover his pound fees and the costs of Court.

R. F. Bickerton for plaintiff.

Castle & Hatch for defendant.

Honolulu, March 3, 1882.