AWA *et al. vs.* J. M. HORNER *et al.*

QUESTION RESERVED BY PRESTON, J.

JANUARY TERM, 1886.

JUDD, C. J.; McCULLY and PRESTON, JJ.

There being no feudal tenures in this Kingdom, the reason for the
common law rule of joint tenancy has no existence here.
A Grant by Royal Patent to two persons and their heirs, held to create
a tenancy in common.

OPINION OF THE COURT, BY JUDD, C. J.

THE case comes to this Court on the following statement by Mr.
Justice Preston from the present term:

"This is an action of ejectment to recover one undivided
moiety of a parcel of land containing 112 acres, situate in Kekua-
lele and Kaiuikuoiki, Hamakua, Hawaii, which the plaintiffs
claim as the heirs-at-law of one Haili, one of the patentees of the
land.

"The plaintiffs produced a royal patent (Grant), No. 2,439,
issued to Pi and the said Haili, their heirs and assigns, and
claimed that the patentees were tenants in common.

"The defendants, on the contrary, claimed that the patentees
held the land as joint tenants.

"Whereupon counsel for the parties requested me to reserve
the question for the consideration of the full Court, pursuant to
Section 832 of the Civil Code, which I consented to do.

"The question, therefore, is: Did the said Haili and Pi hold
the land as tenants in common or as joint tenants?"

BY THE COURT.

It is somewhat remarkable that a question so important as this,
involving titles to land all over the kingdom, should not have
been earlier presented to the Court for adjudication.

Says Washburn, in Real Property, p. 407: "By the com-
mon law in England, where an estate is conveyed to two or

more persons, without indicating how the same is to be held, it will be held to be in joint tenancy, upon the feudal idea that the services due to the lord should be kept entire."

But the common law is not in force in this Kingdom *proprio vigore*. It has frequently been so held by this Court. That we are, however, free to adopt the reasonings and principles of the common law is undoubted. This authority is expressly conferred upon the Court by Sections 14 and 824 of the Civil Code. To do this we must be satisfied that the principle to be adopted is "founded in justice, and not in conflict with the laws and customs of this Kingdom."

Upon careful consideration, we think it would be unwise to adopt the principle contended for by defendants.

Mr. Washburn says, *ib.* 408 : "The policy of the American law is opposed to the notion of survivorship, and therefore regards such estates as tenancies in common. In many of the States the rule of survivorship is abolished by statute, except in case of joint trustees, while in others all estates to two or more persons are taken to be tenancies in common, unless expressly declared to be joint tenancies by the deed or instrument creating them, with a similar exception of estates to joint trustees."

In this Kingdom, as in the States, there are no feudal tenures existing, requiring services from the land-holder to the lord paramount. The reason, therefore, for the rule has no existence here.

The most natural and obvious view would be that where land is conveyed to two or more persons, it was their expectation that it should descend to the heirs of each of them and not to the survivor of them. We believe it to be true also that such conveyances have been generally understood and treated in this Kingdom as creating estates of tenancies in common, and we ought to hold for the protection and peace of land titles that such is the law of the country.

The conveyance before us is a Royal Patent or Grant by the King, representing the Government, to two natives, who have no apparent relation to each other, of 112 acres of land, at twenty-five cents per acre. Certainly when these men bargained for the land, if they had supposed that by the fact that they took this,

land by virtue of the same conveyance, they thus were becoming joint tenants, and that the land would go to the survivor, it would have been quite competent for them to obtain separate grants. Moreover, we think the words in the *habendum* clause, to them and their (*laua*) heirs, or as it may be translated, "the heirs of them two," have force in favor of the contention that a tenancy in common was intended.

We are, therefore, of the opinion that Haili and Pi, the patentees, held the land as tenants in common, and remand the case to Mr. Justice Preston, to be decided in accordance with this view.

*Kinney & Peterson*, for plaintiffs.

*L. A. Thurston*, for Horners.

*A. Rosa*, for Mele.

Honolulu, February 24, 1886.