LUI and KILAUANO, ALEKA and MALUHIA, minors, by their Guardian, DAVID KUA, *v.* WILLIAM KA-LEIKINI.

EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED JUNE 30, 1896.          DECIDED JULY 28, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

An agreement in the form of a constitution was made by tenants in common of a tract of land by which they delegated to an officer called a Luna Nui (General Manager) appointed by them the care and control of their common estate. In pursuance of this power the general manager, by a writing, set off in severalty to each tenant portions of the common estate for occupation, subject to the approval of the tenants as to locality, as expressed by the vote of a regulār meeting of the tenants.

Held, this agreement is binding until rescinded.

Where one of the above tenants under the above agreement dispossessed another tenant of the parcel of land set off to him, ejectment would lie to recover such possession.

OPINION OF THE COURT BY JUDD, C.J.

This case comes to us upon exceptions from the Circuit Court, Fifth Circuit, where the case was heard by Circuit Judge Hardy, jury waived. It is an action of ejectment.

The trial court found the undisputed facts that in January, 1869, some fifty native Hawaiians bought the land of "Wai-niha" on the Island of Kauai. On the 10th of September, 1877, a written constitution was signed by them. Of these persons one was Kumahakaua and another Kilauano, the father of the plaintiffs. This "constitution" provided for a general manager

(luna nui), secretary and treasurer, and gave the care and control of the land of the company (hui) to the general manager. It was provided by Sec. 5 of the "constitution" that five acres should be set apart to each member of the company. The method adopted was that applications for lots were made in writing, and, on approval as to location, given at a stated meeting of the company held in pursuance of the constitution twice a year, the manager and secretary issued to the applicant a certificate, setting off to him by metes and bounds the parcel of land applied for.

Kumahakaua made application for a parcel of land called "Umi," the one now sued for, and by consent of the manager took possession of it in 1878; but as he had deeded his interest in the land of Wainiha to his son, Kilauano, in 1875, it was awarded by certificate directly to Kilauano in 1881. This allotment was ratified by the company at the meeting of July, 1888. The plaintiffs are the children of this Kilauano, deceased intestate. The defendant W. Kaleikini, also one of the tenants in common of this land, finding the tract in question unoccupied —that is, no one actually living thereon—took possession of it in 1894 and refused to restore it to plaintiffs. Previous to this, in 1890, the company passed a resolution that no member of the hui (company) could cultivate at will land already set apart for another member. He could only do this upon approval by the manager. No evidence of the defendant's contradicted these facts. The Circuit Judge rendered judgment for plaintiffs for the possession of this land, and damages. The exceptions taken by defendant are upon the same grounds upon which a nonsuit was asked for in the trial court, and which was denied. They are substantially as follows:

1. The plaintiffs cannot sue separately for the parcel of land in dispute, because it is only a part of the land of Wainiha, which is owned in common by many others, who have equal rights to every portion of it, and the defendant is one of them.

2. The plaintiffs cannot sue to dispossess defendant from the parcel of land in question, because the land of Wainiha has

never been partitioned between the respective tenants in common.

3. In this action all the tenants in common should join either as plaintiffs or defendants.

4. The records of the company do not afford evidence that the land has been legally partitioned in severalty, to each member of the company.

5. Defendant does not hold the land in question for himself alone, but for the company, and his claim is not hostile to the company.

6. No hui (company) has a right to make rules in contravention of the law of the land.

The questions involved in this case are novel, owing to the novel circumstance of a number of persons having purchased a land, and, while using a large portion of it in common, have undertaken to set off specific portions of the land in severalty to each tenant. This is not an uncommon transaction in these islands. To understand the situation better we must remember (1) that the vendees of the land of "Wainiha" were tenants in common. We so held in *Awa v. Horner*, 5 Haw. 543. (2) No effectual partition, either voluntary or by judicial action, has been made between the tenants in common.

We then ask what right has one co-tenant to bring ejectment against another co-tenant for a portion of the common estate? There has been no ouster of the plaintiffs by defendant from the entire common estate, but only from a specific portion of the same. Each co-tenant has the right of possession to every part of the common estate. So far forth then the defendant is as much entitled as the plaintiffs are to the possession of the parcel of land in question. But there remains the question whether the agreement to occupy in severalty according to the method adopted by the tenants in common is sufficient in law to give a right of action to the tenant to whom it was set off to recover its possession from another co-tenant.

We find no case parallel, but it seems to us that such an agreement made as this one is for the common benefit of the

owners of the land, to secure harmony and to avoid expense, should be respected by the court, so long as it continues in force; and we see no difficulty in holding that as between the co-tenants themselves it is good, so far as the mere right of possession is concerned. Certainly the defendant had consented in writing to the allotments made in the method pursued. This is a necessary inference from his signing the constitution, which is in fact an agreement as to the method of using the common property. The ouster by defendant is in direct violation of his agreement which he by inference made when the resolution of 1890 was passed by the company, and to which he presumably consented.

We held in line with this view that rules made by tenants in common regulating the management of their land as regards pasturage thereupon, were binding (until rescinded) upon owners and lessees having notice. In this view of the case, the other points stated in the bill of exceptions are not tenable. *Burrows v. Paaluhi*; 4 Haw. 464 (1882).

The exceptions are overruled.

*A. Rosa*, for plaintiffs.

*J. L. Kaulukou*, for defendant.