MARY E. FOSTER and Others, Members and Owners of Shares in the Hui known as the "Hui of Kahana," *v.* THE KANEOHE RANCH COMPANY, a Corporation.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED SEPTEMBER 26, 1899.    DECIDED MAY 4, 1900.

FREAR AND WHITING, JJ., AND E. P. DOLE, ESQ., OF THE BAR, IN PLACE OF JUDD, C.J., ABSENT.

In equity, where a bill is brought by a part of the members of a hui to set aside a lease made by the hui, it is necessary to make all parties in interest parties to the suit so far as practicable, or allege or show some proper ground for non-joinder, either as parties plaintiff or defendant. The plaintiffs sued for themselves, not for the hui, or for those of the same interest with themselves; neither the hui, (the lessor,) nor any officers or members of the hui other than named plaintiffs are made parties plaintiff or defendant to the suit, nor any excuse alleged or shown why they are not made parties. The case is remanded to Circuit Court with leave to plaintiffs to amend.

OPINION OF THE COURT BY E. P. DOLE, ESQ.

This is a bill in equity brought by Mary E. Foster and others, members of a native hui, to set aside and declare void a certain lease of about five thousand acres of land for the term of twenty-five years, purporting to have been made by the hui to the defendant corporation.

Briefly stated the bill alleges, among other things, that the pretended lease was never authorized or ratified at any legal meeting, or by any legal vote of the hui, and that the person who assumed to execute it in behalf of the hui was not an officer thereof; all of which the defendant denies. The evidence shows that the plaintiffs are a minority of the hui, and that a majority of the members, many of whom live close by and within the jurisdiction of the court, have not been made parties to the

action.   At the close of the plaintiffs' evidence, the defendant
moved to dismiss the bill on account of said non-joinder, which
motion was overruled and the defendant's exception thereto was
duly taken and allowed.

We sustain the defendant's objection.   We cannot adjudicate
the validity of the lease without giving those whom we deem
indispensable parties to the suit an opportunity to be heard in so
far as is practicable either as plaintiffs or as defendants.   The
hui is an unincorporated association consisting of about seventy
individuals.   They own the land not as joint tenants, but broadly
speaking as tenants in common.

*Burrows v. Paaluhi*, 4 Haw. 48; *Mahoe v. Puka, Ib.* 485;
*Lui v. Kaleikini*, 10 Haw. 391.

The hui, a peculiar native institution, also has, pursuant to
its rules and customs, certain powers as an association, which do
not belong to its members individually as tenants in common.
Among these powers is that of binding all its members at a
regularly called and duly attended meeting, to a lease of their
land, by a vote not unanimous.   This power, analogous to that
of partnership and not incident to tenancy in common, has been
recognized in principle by this Court.   *Burrows v. Paaluhi*,
4 Haw. 464; *Mahoe v. Puka, Ib.* 485.

If the peculiar Hawaiian organization known as a hui were
a landed partnership pure and simple, it is beyond question that
a minority of the partners would not be permitted in a court of
equity to attack a business transaction of the partnership pur-
porting to be the act of the majority, in which all had the same
kind of pecuniary interest, without giving all, so far at least as
possible or practicable, an opportunity to be heard.   Again, if
this hui were a corporation, an artificial person instead of an
aggregation of natural persons, could they as individual stock-
holders, in a court of equity attack a lease purporting to have
been given by it and under which it received rents and profits
without making the lessor, as well as the lessee, a party to the
suit?

We think that the same principle of equity and natural jus-

tice applies to this case. What purports to be a lease is either a lease or not a lease. If it is a lease it is the act of the hui, and equally binds all members of the hui, whether they favored it or opposed it. If it is not a lease, it binds no one. If it is a lease each member of the hui is entitled to his *pro rata* share of the rents. If it is not a lease each member of the hui is entitled to the use of his *pro rata* share of the land as a tenant in common, subject to the regulations of the hui.

It often happens that those who would be proper parties to a suit in equity are not indispensable to an adjudication of the rights involved and, upon a showing that it is impracticable to make them parties, the court proceeds without them. There has been no attempt to make such a showing in this case. Neither have some sued for themselves and all having the same interest. It appears from the evidence that many members of the hui who were not made parties might easily have been served with process.

We think that all members of the hui, upon whom it was practicable to serve process should have been made parties to this suit and, if any were not served, that a good excuse should have been alleged or shown. The validity of the lease is in question, and all persons who are virtually parties to it as members of the hui, who will be entitled to their share of the rent if it is sustained, and to their share in the land if it is set aside, should have an opportunity to be heard, if such opportunity is reasonably possible. Furthermore, we think that the defendant is entitled to have the remaining members of the hui, or at least the hui itself, through its officers, made parties to this suit. Its alleged lease purports to be from the hui in its collective capacity. If it is valid the defendant must pay rent to the hui in its collective capacity. It cannot apportion it among the members. If the lease is void the defendant is relieved from paying rent and must vacate the land. How then, in justice to the defendant, is it possible to make a decree which shall determine the rights of only those before the court, which shall

declare the lease void as to certain members of the hui, and except as to them, leave it intact?

*Young v. Bilderback,* 3 N. J. Eq. 206; *Harding v. Hardy,* 11 Wheaton 103; *Magoon v. Afong,* 10 Haw. 340.

The appeal is sustained and the bill remanded to the Circuit Court, with permission to amend on payment of costs.

*Kinney, Ballou & McClanahan* for plaintiffs.

*C. Brown* and *L. A. Dickey* for defendant.