### Arthur H. Woodward, Plaintiff in Error, v. George N. Pierce Company, Defendant in Error.

### Gen. No. 14,308.

1. DAMAGES—*duty of injured party to minimize.* It is the duty of a party injured by breach of contract or tort to make reasonable efforts to avoid damages therefrom.

2. MEASURE OF DAMAGES—*what not, in action for failure to repaint automobile.* In an action for breach of contract for a failure to repaint an automobile as ordered, the rental value of another car during the period that the owner of such automobile would be deprived of its use is not a proper part of the measure of damages.

Attachment. Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the March term, 1908. Reversed and judgment here. Opinion filed March 4, 1909.

WILLIAM A. BITHER, for plaintiff in error.

WILLIAM H. FEINDT, JR., for defendant in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The plaintiff's claim is thus stated: "Plaintiff's claim is upon an agreement to repaint, retint and restripe an automobile, purchased by Arthur H. Woodward from the said George N. Pierce Co., which said company was paid, but which they failed to do and still refuse to do, to the damage of said Arthur H. Woodward of the amount of nine hundred and ninety dollars."

The cause was tried by the court without a jury, and the court found for the plaintiff and assessed his damages at $1.

There is substantially no dispute as to the facts, which are as follows:

The plaintiff, Arthur H. Woodward, resides in Altadena, California, and is president of the International Register Company, a manufacturing corporation. The defendant, the George N. Pierce Co., is engaged in the manufacture and sale of automobiles at Buffalo, in the State of New York. An agent of the plaintiff inspected, by plaintiff's direction, an automobile, hereinafter called car, at defendant's place of business at Buffalo, which was of a dark maroon color, the price of which was $4,250. At the time plaintiff's agent was examining the car, with a view to its purchase, he made inquiry with reference to its color, and was informed by Mr. Coventry, the salesman who was waiting on him, and subsequently by Mr. Bull, defendant's general sales manager, that defendant would repaint the car any color which Mr. Woodward would desire, giving it any shade of color and striping it in any way which he might desire. The plaintiff's agent communicated this information to the plaintiff by telegram January 28, 1907, and January 29, 1907, plaintiff telegraphed to defendant, accepting the car and saying: "Make tint and striping like figure seven, this year's catalogue." The defendant telegraphed plaintiff February 5, 1907, saying: "We understand that

the finish of your car is to be the same as figure No. 7 of our 1907 catalogue, and the stripe also is to be the same as our 65 H. P. as shown in figure No. 7.'' The car was shipped to the plaintiff and arrived in Los Angeles in April, 1907. It is admitted that it was not repainted or tinted as the plaintiff had requested. It appears from the evidence that the omission to repaint was not intentional, but was due to an oversight in the transaction of defendant's business. Mr. Bull, defendant's general sales manager, testified that it would cost about $80 to repaint the car, and would require about four weeks time. One of plaintiff's witnesses testified it would cost $75 to repaint it, and another that it would cost from $75 to $85. The agreement was that the car would be shipped to the plaintiff repainted for the price agreed on and which he paid, and as it was not repainted, and the price paid included the repainting, it is clear that he paid $75 to $85 too much, and is, as we think, clearly entitled to recover the cost of repainting as damages.

There was evidence tending to prove that the rental of a car such as the one in question is, was, in Los Angeles, from $35 to $40 per day, and the plaintiff testified that the best price at which he could hire one was $200 per week; and plaintiff's counsel claims that, inasmuch as the car would have to lie idle for four weeks, while being repainted, and the plaintiff would be deprived of its use for that time, he is entitled to $200 per week as damages, in addition to the cost of repainting.

The plaintiff testified that he had not had the machine repainted, and that he had used it every day, sometimes all day, since he received it, except when it was laid up for necessary repairs; that it was not purchased for pleasure, but was necessary in his business; also he had another car which he sold and delivered the day he received the one in question. He received the car in April, 1906, and the trial occurred December 4, 1907.

If the plaintiff, when he received the car, did not wish to use it till it should be repainted, he might have used, instead of selling, the car which he had, and which, doubtless, he had been using in his business, in which he says such a car is a necessity. He was not driven to hiring a car at the great expense of $200 per week.

In 8 Am. & Eng. Ency. of Law, 2nd ed. p. 605, the author says: "As it is the duty of a party injured by breach of contract, or tort, to make reasonable effort to avoid damages therefrom, such damages as might, by reasonable diligence on his part, have been avoided, are not to be regarded as the natural and probable result of the defendant's acts. There can be no recovery, therefore, for damages which might have been prevented by reasonable effort on the part of the person injured". Numerous cases are cited in support of this proposition, *ib*. Note 2, and we regard it as well settled law.

In Dobbins v. Duquid, 65 Ill. 464, the plaintiff sued for damages for the breach of a lease by the lessor. The court say of the lessees: "The law, however, imposed a duty on them. It required them to make ordinary and reasonable effort to prevent any loss. They had no right to look exclusively to the recovery of damages for compensation, but must exercise the same prudence to guard against loss as if they had no other redress."

Had the plaintiff, on receiving the car, laid it off for repainting for four weeks, and hired another during that time, at the high rate of $200 per week, or $800 in all, we are of opinion he could not have recovered that expense as damages, much less can he recover it, as he has wisely refrained from incurring it. The color of the car is merely a matter of taste, and there is no evidence that, painted as it is, it is a whit less valuable than it would be if painted as the plaintiff directed. The sole measure of damages presented by the evidence and relied on by plaintiff's

counsel, aside from the expense of repainting, is the hiring of another car for four weeks, at the rate of $200 per week. We do not think this a proper measure of damages. We have examined the cases cited by plaintiff's counsel, in support of the measure of damages relied on, and do not think them applicable to the facts of this case. The judgment will be reversed, and judgment will be entered here, in favor of plaintiff in error and against defendant in error, for the sum of eighty dollars and his costs in this court.

*Reversed and judgment here.*