Michael Nelson, Appellee, v. Buick Motor Company, Appellant.

## Gen. No. 18,306.

1. DAMAGES, § 68*—*duty of person injured to lessen loss.* As a general rule it is the duty of a party injured by a breach of contract or tort to make reasonable effort to avoid damages therefrom, and such damages as might have been avoided by reasonable diligence on his part are not recoverable.

2. DAMAGES, § 214*—*when instruction denying recovery for failure of plaintiff to prevent loss proper.* In an action for the breach of a contract for the sale of an automobile, where the defendant had agreed to take plaintiff's automobile in part payment and took it from the rear of plaintiff's residence in accordance with the agreement, but later declined to allow plaintiff the price agreed upon and returned it to plaintiff's alley, where it remained all winter until it disappeared, *held*, that the courts' refusal to give an instruction to the effect that plaintiff could not recover for any loss or damages which he sustained by reason of his failure to make reasonable effort to prevent loss or damage, was reversible error.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term; 1912. Reversed and remanded. Opinion filed November 24, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

EDDY, WETTEN & PEGLER, for appellant; CHARLES H. PEGLER and W. H. DIETERICH, of counsel.

EDWARD J. GREEN, for appellee; W. C. H. KEOUGH, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

In the Circuit Court plaintiff, Nelson, had a verdict and judgment against the defendant, Buick Motor Co., for two hundred dollars damages for the breach by the defendant of a contract which plaintiff alleged was made by the parties, whereby the defendant agreed to sell plaintiff an automobile for one thousand and fifty dollars and receive as part payment therefor an automobile of the plaintiff at three hundred dollars.

We think that from the evidence the jury might properly find the issue as to whether such a contract was made for the plaintiff, but as the judgment must be reversed and the cause remanded on another ground we shall not discuss the evidence on the issue above stated. December 4, 1909, the machine of the plaintiff was in a garage and it was agreed that the plaintiff should have it brought to the alley in the rear of his house and that the defendant should take it from that place. December 6, the defendant took the machine away and an hour or two later telephoned plaintiff that it would not accept the machine unless plaintiff would agree that it should be taken at two hundred dollars. This plaintiff declined to do and the defendant sent the machine back the same day to the place from which it was taken. It remained in the alley where it was left, according to the testimony of the plaintiff, all winter and then disappeared and has not since been seen by either party. The defendant asked the court to give this instruction:

"The court instructs the jury that it was the duty of the plaintiff to make all reasonable exertions to render the damages suffered by him (if you find he

suffered any) as light as possible.  In no case can a person recover for damages to his business or property, which he knowingly permits to go on without making every reasonable effort and taking active steps to prevent it or have it stopped.  If you believe from the evidence in this case that the plaintiff could have lessened the loss or damage, if any, suffered by him, by taking proper and reasonable precaution so to do, then the defendant cannot be charged with liability for any damages caused by plaintiff's neglect as before described,'' but the court refused to do so and the defendant excepted. The general rule is that it is the duty of a party injured by a breach of contract or tort to make a reasonable effort to avoid damages therefrom, and such damages as might by reasonable diligence on his part have been avoided are not to be regarded as the natural and probable result of plaintiff's acts, and therefore there can be no recovery for damages which might have been avoided by reasonable effort on the part of the person injured.  6 Am. & Eng. Encyc. of Law, 605.  In *Dobbins v. Duquid,* 65 Ill. 464, in an action of trespass *quare clausum fregit* it was held that the law imposed a duty on the plaintiffs to make ordinary and reasonable effort to prevent loss and that they could only recover for the natural consequences of the wrongful act charged and not for consequential damages which might have been avoided by reasonable care on their part.  The same rule is stated and followed in *Brant v. Gallup,* 111 Ill. 487-497, and *Woodward v. Pierce Co.,* 147 Ill. App. 339.

We think that the court erred in refusing to give said instruction, and for that error the judgment is reversed and the cause remanded.

*Reversed and remanded.*