# NETTIE L. SCOTT *v.* ESTHER N. PILIPO AND ELIZABETH K. PILIPO.

## No. 919.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. T. B. STUART, JUDGE.

ARGUED MAY 24, 1916.          DECIDED JUNE 15, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

HUIS—*lease of interest in hui land.*
    A lessee of an interest in hui land takes title subject to such valid regulations as have been duly adopted by the hui.

COVENANTS—*breach of covenant for quiet enjoyment—pleading.*
    In an action for damages for the breach of a covenant for quiet enjoyment the plaintiff must show that he has been prevented from taking possession of the demised premises or has been evicted therefrom by the lessor himself, or by a person claiming under him, or by one having a superior title.

PLEADING—*amendment on appeal.*
    An amendment to a pleading will not be allowed in the supreme

court on appeal when it would change the issue and cause the reversal of a judgment which was free from error at the time it was entered.

LIMITATION OF ACTIONS—*covenant for quiet enjoyment.*

Where, at the commencement of a term, the lessee is unable to obtain possession of the demised premises through the fault of the lessor the covenant for quiet enjoyment is then broken and the statute of limitations begins to run at once.

## OPINION OF THE COURT BY ROBERTSON, C. J.

·The plaintiff brings to this court an exception to an order sustaining a demurrer to a complaint in an action of covenant. The case arises under a lease made between the defendants, as lessors, and the plaintiff, as lessee, of an undivided interest in the land of Holualoa, North Kona, Hawaii, for the term of thirty years from September 1, 1894. This lease has furnished the subject of much litigation. See *Pilipo v. Scott, ante* p. 26. The lease contains a covenant on the part of the lessors that "if the said rent shall be duly paid and the covenants and conditions herein shall be duly observed, then in such case the said lessee, together with his executors, administrators and assigns, may have, hold and possess the demised premises without hindrance of any person whomsoever, but it being understood that this demise is of undivided interests." The plaintiff, in her complaint alleges, in substance, that upon the execution of the lease (August 21, 1894) she paid the rent for a year in advance; that on September 1, 1894, she essayed to enter upon the premises, but was hindered and prevented by others, without fault on her part, from securing possession; that though the lessee has many times requested possession she has at all times been prevented from any possession, use or enjoyment of the demised premises; that the lessee, nevertheless, paid the rent until September 1, 1899, at which time she informed the lessors that she

would pay no more rent until possession of the premises should be secured to her; that since then the lessors have obtained several judgments against the lessee for rent, one of which has been satisfied; and that the amount of said judgments, including certain costs, and the five years' rent voluntarily paid, is $6895.38. The prayer is for judgment for said sum with interest.

It does not clearly appear by the record upon what ground or grounds the court below sustained the demurrer, but the grounds relied on in this court are that as to the amounts for which judgments for rent have been obtained by the lessors against the lessee, the latter had opportunity to present all defenses thereto in the actions wherein the judgments were rendered; that it does not appear but what the persons, described in the complaint as "others," who prevented the lessee from obtaining possession of the demised premises were strangers and trespassers; and that the cause of action, if any, accrued on September 1, 1894, and the right to sue upon it is barred by the statute of limitations.

There is considerable discussion in the appellant's brief on the point whether the liability of the lessors upon their covenant may be affected by a covenant, contained in the lease, upon the part of the lessee that "in entering upon the land 'makai' of the upper government road" she will not "enter or interfere with the parcels of said land now occupied by members of the hui (Hoa Aina) whether as house-lots or agricultural purposes in places heretofore planted by them," and we infer that this point entered into the ruling made by the circuit court. It does not appear from the plaintiff's complaint that this covenant of the lessee has any bearing upon the matter, and we see no need of discussing the question. It is said in appellant's brief that it appears indirectly by the lease (a copy of which is made part of the complaint) that the lessor's title was defective, and it is contended that by the covenant for quiet enjoy-

ment the lessors assumed the consequences of the defect. In what such defect consisted has. not been explained. If it is meant that it indirectly appears that a part of the land was held in severalty by members of the hui (see *Pilipo v. Scott,* 21 Haw. 609) it may be replied that while the members of a Hawaiian land hui hold the property as tenants in common the adoption of regulations concerning the management of the hui and the use of the land constitutes them a voluntary association, and persons entering into membership through the acquisition of shares—so-called—in the land take their interests therein subject to such valid regulations as may have been duly adopted by the hui with reference to the holding of portions of the land in severalty. See *Burrows v. Paaluhi,* 4 Haw. 464; *Mahoe v. Puka, id.* 485; *Foster v. Kaneohe Ranch Co.,* 12 Haw. 363; *Scott v. Pilipo,* 22 Haw. 174, 180. In *Burrows v. Paaluhi,* it was held that a regulation that members of the hui should not lease their interests without the consent of the luna was binding upon a non-member who took a lease with notice of the regulation. But, having acquired membership, one would be charged with notice of the duly adopted regulations of the hui relating to its internal management. The right to demand the partition of the premises is always available to a member who is dissatisfied with the regulations or management of the hui. There is nothing in all this, however, that shows that the lessors' title was defective.

The first point urged in support of the demurrer, which was intended to present the question of *res judicata,* cannot be considered upon its merits since the complaint does not show upon its face what the pleadings or issues were in the actions referred to. Neither the complaint nor the demurrer can be eked out or supplemented, through judicial notice or otherwise, by reference to the opinions of this court in

the previous cases between these parties as counsel apparently expected might be done.

As to the alleged breach of covenant. In order to sustain an action for the breach of a covenant for quiet enjoyment it is necessary for the plaintiff to show that he has been prevented from taking possession of the demised premises or has been evicted therefrom by the lessor himself, or by a person claiming under him, or by one having a superior title. 11 Cyc. 1118, *et seq.*; 24 id. 1058; 18 A. & E. Enc. Law (2nd ed.) 625. The inability of the lessee to obtain possession of the premises as a tenant in common with the other shareholders in the Hui of Holualoa constituted a breach of the covenant for quiet enjoyment if such inability was due to the acts of the lessors, or of persons claiming the right of possession by, through or under them; but not if they were those of other shareholders in the hui acting in their own right and not in denial of the title of the lessors, nor if they were strangers or mere trespassers. Therefore, the allegation that the lessee "was hindered and prevented through no fault of lessee *by others* from securing any possession" etc., does not show a breach of the covenant in question. The circuit court might properly have sustained the demurrer on this ground. See *Grannis* v. *Clark,* 8 Cow. 36; *Andrus* v. *St. Louis Smelting Co.,* 130 U. S. 643, 648. The appellant asked leave in this court to amend her complaint by alleging that the lessee was hindered and prevented from securing possession "by others with superior rights derived from the lessors." Section 2371 of the Revised Laws permits the amendment of pleadings on appeal after judgment "in furtherance of justice * * * by inserting other allegations material to the case" etc. But this, we take it, does not contemplate the amendment of a pleading when, as in this case, it would raise a different issue from that which was presented to the court below, and upon which the case was brought to this court. An amendment to a

pleading will not be allowed in this court when it would change the issue and cause the reversal of a judgment which was free from error at the time it was entered. See *Harrison* v. *Magoon,* 16 Haw. 485.

As to the statute of limitations. We are of the opinion that the right to maintain this action was barred by the lapse of time. In actions of this character the period of limitation is six years. R. L. 1915, Sec. 2633. A covenant for quiet enjoyment of leased land is a continuing covenant. Successive actions may be maintained for separate breaches of the covenant, and an action upon one breach may be prosecuted though one upon a former breach has become barred. But in the case at bar but one breach of the covenant is alleged to have been committed, and that occurred on September 1, 1894, when, as alleged, the lessee essayed to enter into possession but was prevented from obtaining any possession, use or enjoyment of the demised premises. Thereupon the lessee, if her inability to obtain possession was due to the fault of the lessors, was at liberty to treat the lease as repudiated or abandoned, and to refuse to pay further rent, and, if sued for rent, to defend against the action on that ground. Or, treating the breach as entire, she could have instituted an action against the lessors upon their covenant for quiet enjoyment, in which case she could have recovered, as damages, the rent which she had paid in advance and the value of the term, if any, over and above the amount of the rent reserved in the lease. 24 Cyc. 922; 18 A. & E. Enc. Law (2nd ed.) 628; *Townsend* v. *Nickerson Wharf Co.,* 117 Mass. 501; *Dobbins* v. *Duquid,* 65 Ill. 464; *Wertheimer* v. *Rosenbaum,* 146 N. Y. S. 177; *Wagon Works* v. *Gunn,* 80 S. E. Ga. 668; *Graves* v. *Brownson,* 120 S. W. (Tex.) 560. It appears that neither of these courses was followed and that the lessee has been obliged to continue to pay the rent or has incurred judgment therefor. Counsel for the appellant is mistaken in the

view that each payment of rent, or each judgment obtained by the lessors was a new and separate breach of the covenant, and that this action may be maintained upon that theory for the recovery of any such payment or the amount of any such judgment as may have been made or incurred within six years of the date of the commencement of this action. The covenant for quiet enjoyment is broken only by an interference with the physical possession of the land. In this case the interference occurred, as shown by the complaint, more than six years ago. The rule which applies in cases of continuing trespass or nuisance and of recurring injury resulting from an act not in itself unlawful is not applicable to cases such as this.

In *Aachen etc. Ins. Co.* v. *Morton,* 156 Fed. 654, 656, 657, the court said, "A right of action accrues whenever such a breach of duty or contract has occurred, or such a wrong has been sustained, as will give a right to then bring and sustain a suit. That the statute begins to run from the time a right of action accrues, without regard to when the actual damage results, is well settled. * * * If an act occur, whether it be a breach of contract or duty which one owes another or the happening of a wrong, whether willful or negligent, by which one sustains an injury, however slight, for which the law gives a remedy, that starts the statute. That nominal damages would be recoverable for the breach or for the wrong is enough. The fact that the actual or substantial damages were not discovered or did not occur until later is of no consequence. The act itself, which is the ground of action, cannot be legally separated from its consequences. Were this so, successive actions might be brought in many cases of contract and tort as the damages developed, although all the consequential injuries had one common root in the single original breach or wrong. This would in effect nullify the statute." In the present case, as above pointed out, the plaintiff could have recovered, in an action

brought within six years after the ouster, not merely nominal but substantial and complete damages. Covenants of warranty and for quiet enjoyment are the same in general effect, and it is held that where at the time of a conveyance the land is in the possession of one claiming under a paramount title a covenant of warranty is broken immediately and the statute begins to run at once. *Eustis* v. *Cowherd,* 23 S. W. (Tex.) 737; *Durand* v. *Williams,* 53 Ga. 76.

The exception is overruled.

*M. F. Scott* for plaintiff.

*E. K. Aiu* for defendants.

### CONCURRING OPINION OF QUARLES, J.

The conclusion that the complaint is insufficient in that it failed to allege that plaintiff was kept out of possession by the acts of the defendant lessor, or persons claiming under the defendant, or by reason of title paramount to that of the defendant, is, in my opinion, correct, for which reason the demurrer was properly sustained, and the judgment must be affirmed.

That the covenant for quiet enjoyment is a continuing one I agree is a correct statement of law; but, in my opinion, it necessarily follows that the rights and obligations thereunder are also continuing. The covenant of quiet enjoyment is one running with the land (7 R. C. L. 1105, par. 21, 1145, 1146, par. 58; 11 Cyc. 1088) and is one of assurance or indemnity (7 R. C. L. 1145, par. 58; 11 Cyc. 1072). It is true that when the lessee is prevented from taking possession, or disturbed in his possession by one claiming a paramount title, or by his lessor or those claiming under the lessor, the covenant is broken and the lessee may treat the lease as terminated and elect to treat his injuries as permanent and sue for damages, or he may treat the breach as temporary or continuing damages, and sue for the same as they arise from time to time. The reason

Quarles, J., concurring.

for this rule is well stated in 8 R. C. L., under the head of Damages, sections 96 and 97, wherein it is said, *inter alia*: "The damages in such case are called temporary or continuing damages, and the recovery is limited to them when the injury is intermittent and occasional, or the cause thereof remediable, removable or abatable. They are given on the theory that the injury may and will be terminated. The law contemplates that the plaintiff himself may be able to abate the cause of the injury or relieve the property from its ill effects, or that the defendant will remove it, as he is under legal obligation to do, rather than submit to having the entire damages recovered against him for a permanent injury or subject himself to the infliction of repeated judgments for temporary damages. For this reason it is thought to be unjust to allow a recovery of damages in excess of the injury already sustained, as future damages might not ensue."

It has been held that where the grantor in a deed conveying land covenanted that he would perpetually maintain a fence along a railroad running through the land, failure for twenty years to maintain such fence did not impair the obligation to maintain it (*Bronson* v. *Coffin,* 108 Mass. 175). Covenants of seizin, of right to convey, and against encumbrances are broken, if at all, at the time of the execution of the deed, and limitation immediately starts to run. This is not true as to covenants of warranty or for quiet enjoyment, covenants which run with the land, and which may be broken at any time, and if broken, the plaintiff may remedy the damage and look to the defendant for compensation, or the defendant may remove the ill effects of the breach. The covenant being one of indemnity or assurance, the lessee may look to the lessor to restore possession to him, if it has been delivered to him, or if such possession has not been delivered to him, he may continue to look to the lessor to deliver such possession, in the mean-

while holding the lessor responsible for the temporary or continuing damage that is sustained. The covenant for quiet possession being a continuing one, the lessee may stand on the covenant, elect to treat the lease as a subsisting one, and look to the lessor for damages that accrue from a breach of the covenant, and may recover at any time the damages that have accrued from such breach, at least within six years after they accrue.