## NETTIE L. SCOTT *v.* ESTHER N. PILIPO AND ELIZABETH K. DeFRIES, NEE PILIPO.

### No. 1071.

### ERROR TO CIRCUIT COURT, FIRST CIRCUIT. HON. S. B. KEMP, JUDGE.

ARGUED JUNE 7, 1918.                    DECIDED JUNE 27, 1918.

COKE, C.J., QUARLES, J., AND CIRCUIT JUDGE HEEN IN PLACE OF KEMP, J., DISQUALIFIED.

LANDLORD AND TENANT—*rescission of lease—damages.*

Where a member of a hui claims a specific portion of the hui lands and leases the same to the plaintiff who is unable to get possession of the demised lands by reason of the fact that other parties are in possession and holding under the lessor the plaintiff may rescind the lease and recover damages sustained by reason of failure to obtain possession.

SAME—*hui—one member holding under another.*

One member of a hui may rent and hold from another member a specific portion of the hui lands claimed by the. latter.

OPINION OF THE COURT BY QUARLES, J.

This is the third time that this cause has been before us. The first time, upon exceptions, we held that a demurrer had been properly sustained to plaintiff's first amended complaint (23 Haw. 349). The second time, upon exceptions, we held that the defendants' demurrer to the plaintiff's second amended complaint was properly overruled and that the second amended complaint constituted a cause of action in favor of plaintiff and against the defendants (23 Haw. 739). The cause is now before us upon writ of error. After trial, jury waived, the circuit court filed its decision in favor of defendants, upon which judgment was entered. Plaintiff moved for judgment

notwithstanding the decision, which motion was denied. The plaintiff then filed a motion for new trial upon the ground that the facts found by the trial court are not sustained by the evidence, and that the findings, decision and judgment are contrary to the law and the evidence.

The former decision settled the law of this case so far as the merits of plaintiff's second amended complaint are concerned. Under the assignments of error our principal inquiry is whether the plaintiff at the trial sufficiently proved the allegations of her second amended complaint. The facts stated in this pleading appear in the decisions of this court (23 Haw. 349; 739), to which we refer. The evidence consists of a number of exhibits and the transcripts of evidence of witnesses in three different trials, all of which were introduced in the trial of this cause. We quote that part of the decision relating to the facts found by the trial court as follows:

"It is quite evident from the evidence adduced at the trial that the plaintiff was unable to get possession of any considerable portion of the area adjoining the kuleana. If, then, she was prevented from getting such possession by the lessor or those claiming by, through or under the lessor, she was legally justified in rescinding the contract of lease. The evidence, however, shows that all of those found by plaintiff in possession of portions of the land which she sought to enter, were members of the hui, and they were there under the Pilipos, but the area occupied by them was very small and probably was the patches reserved by the Pilipos in the lease."

The answer pleads the statute of limitations and among other affirmative allegations alleges that plaintiff, in an action brought in 1906 against her by the defendants to recover rent on the lease here involved, relied upon the defense of eviction from the premises by the defendants, and which they rely on as matter of estoppel of the present claim of plaintiff that she has never been able to get

possession of the demised premises. In that action, commenced in April, 1906, it was decided that the acts of the defendants here, relied on to establish eviction, were not sufficient for the reason that plaintiff had not been in possession and therefore had not been evicted. This decision was in an action between the parties to this action, and adjudicated the question of possession by plaintiff up to the time of the commencement of that action (*Pilipo v. Scott*, 21 Haw. 609; 766). We have been unable to find any evidence in the record showing that since April, 1906, the plaintiff has been placed in possession of the demised premises or any thereof. In the former action, commenced in 1906, which was finally tried in the circuit court in 1912 and affirmed by this court in 1913 (21 Haw. 609), the only defense against the claim of the lessors for rent made by the lessee (plaintiff here) was that of eviction, and it was decided that the lessee had not been in possession and therefore had not been evicted, for which reason the defense failed. The court below in its decision correctly said: "I do not think that the plaintiff's contention that it was agreed that she was to have the use and occupancy of said definite area was seriously disputed upon the trial of the case. On the authority of *Scott v. Pilipo*, 23 Haw'n 352 I think such an agreement could be legally made. We will therefore consider this case as though the lease by its terms was for a specific area." The trial court apparently took the view that because parties who held portions of the specific area leased by defendants to plaintiff were owners of shares in the hui that they were therefore not tenants of defendants. This conclusion was error. M. F. Scott, husband of plaintiff and who, as her agent, has represented her during all of the time since the execution of the lease, testified that each of the parties on the land demised to plaintiff, with one possible exception, declared that he held under the defendants, or Miss Pilipo; and

that they also claimed specific parcels of the common property outside of the area demised. This witness also testified that time and time again he tried to get possession for plaintiff and was prevented by these tenants of Miss Pilipo. Miss Pilipo, the defendant, testified that she did not know whether the plaintiff got possession of any of the land or not, and in her testimony showed that she had been at least indifferent as to plaintiff getting possession, if not active in preventing her from doing so. While testifying in different actions growing out of this lease Miss Pilipo admitted that the parties occupying portions of the specific lands demised to plaintiff were holding by her sufferance and were to vacate when she required them to do so. In the partition of the common lands, afterwards made, the specific lands leased by defendants to plaintiff were allotted to the defendants. These shareholders in the hui, who were occupying portions of the specific part of the common property claimed by defendants and by defendants leased to plaintiff, were tenants or licensees of the defendants, occupying with the permission of defendants and under arrangement to vacate when called on so to do by defendants. The evidence shows that it was a custom of the hui for members to claim, use and occupy specific portions of the common property. Under these circumstances if a member of the hui leases a definite portion of the hui land claimed by him and his lessee is prevented from taking possession by other tenants of the lessor or by licensees under the lessor the lessee may elect to rescind the lease and recover damages against the lessor.

When this case was before us the first time we held: "The inability of the lessee to obtain possession of the premises as a tenant in common with the other shareholders in the Hui of Holualoa constituted a breach of the covenant for quiet enjoyment if such inability was due

to the acts of the lessors, or of persons claiming the right of possession by, through or under them; but not if they were those of other shareholders in the hui acting in their own right and not in denial of the title of the lessors, nor if they were strangers or mere trespassers" (23 Haw. 349, 353). In the last decision of this court in this case we further said: "Assuming that it was proven or admitted that in the actions for rent the defense of eviction was unsuccessfully set up, it does not follow that the plaintiff may not maintain the present action for, as shown in *Pilipo* v. *Scott*, 21 Haw. 609, the defense of eviction may have failed for the very reason that the lessee had never obtained possession of the demised premises or of the part as to which eviction was claimed. Under the second count of her amended complaint the plaintiff claims damages for alleged failure of performance on the part of her lessors resulting in the inability on her part to obtain possession of the premises but in disaffirmance of the lease. This is a new right of action asserted now for the first time, and the plea in bar does not show that the issue has heretofore been litigated between the parties, or that it could and should have been litigated in the former actions" (23 Haw. 739, 741).

The decision and judgment should have been in favor of the plaintiff under the evidence and under the former decisions in this court and plaintiff's motion for judgment notwithstanding the decision should have been granted. The judgment is reversed and the cause remanded to the circuit court with instructions to render a decision in favor of the plaintiff and against the defendants and to assess plaintiff's damages (she having waived her claim to damages for the value of the unexpired term of the lease) as per items following: (1) The amount of that certain judgment in favor of defendants and against plaintiff for the sum of $2201.65 rendered in the circuit court of the

first circuit of the Territory of Hawaii on or about January 2, 1914, and which plaintiff was compelled to pay, together with accrued costs thereon and accrued interest thereon from date of judgment; (2) the amount of that certain judgment rendered in the circuit court of the first circuit of the Territory of Hawaii on or about June 25, 1915, in favor of the defendants and against the plaintiff for the sum of $1992.73, and which is now unsatisfied, together with the accrued interest and costs thereon; and (3) the amount of that certain judgment rendered on or about November 4, 1915, in the circuit court of the third circuit of the Territory of Hawaii in favor of. the defendants and against the plaintiff for the sum of $761, and which is unsatisfied, together with all accrued interest and costs thereon. But if the defendants herein shall file in the trial court a full release of the plaintiff upon the two last named unsatisfied judgments the respective amounts thereof with accrued interest and costs shall not be included in the amount of damages awarded to the plaintiff, otherwise the same to be included in the damages awarded to plaintiff.

*M. F. Scott* for plaintiff.

*N. W. Aluli* and *E. K. Aiu* for defendants.