## JAMES E. TYLER *et al.*

*v*

## OZIAS BAILEY.

1. ACTION—*failure of consideration—counterfeit land warrants.* If a person purchases land warrants which prove to be counterfeit, and he gives notice to, and offers to return the same to his vendor in a reasonable time after he discovers them to be counterfeit, he may recover the price paid, with six per cent interest from the date of payment, as for money paid upon a consideration which has failed.

2. SAME—*action of government officials does not affect right to recover.* The fact that the warrants are received by the government officials as genuine, in the entry of lands, and afterwards by issuing patents for the land, will not affect the purchaser's right of recovery, where he is afterwards required to procure other warrants in their place upon discovering that they were counterfeit.

3. MEASURE OF DAMAGES. In a suit to recover on a total failure of consideration, the measure of damages is, the money paid, with interest from the day of payment to the time of recovery.

4. WARRANTY *of genuineness of the instrument sold.* It is a general, if not a uniform, rule that a person passing bank bills, or commercial paper, or making sale of a chose in action, guarantees or warrants the genuineness of the instrument, and this, whether he does so in terms, or is silent when the transfer is made.

5. If a person sells and transfers land warrants, the law will imply a warranty that they are genuine, and an obligation to restore the purchase money to the purchaser when it is ascertained they are counterfeit and an offer is made to return them in a reasonable time.

6. PATENTS—*issued on counterfeit warrants.* Where patents are issued on counterfeit land warrants, if the government has not the right to withdraw the same and cancel the entries, it has the right to file a bill and have them canceled, or to sue the patentee who made the entry, and recover the price of the land.

7. Estoppel—*by receiving paper as genuine.* If individuals, or private corporations, receive spurious paper purporting to be issued by them from an innocent holder, and treat it as genuine, they are estopped from afterwards questioning its validity, but such is not the rule with government officials, who have no power to waive the rights of the government.

Appeal from the Circuit Court of Cook county; the Hon. Henry Booth, Judge, presiding.

This was an action of assumpsit, brought by Ozias Bailey, against James E. Tyler and John H. Wren, surviving partners of James J. Ullman, deceased, to recover the price of seven pieces of Agricultural College scrip, or land warrants, sold by Tyler, Ullman & Co., to the plaintiff, which were claimed to be counterfeit.

Mr. Frederic Ullman, for the appellants.

Mr. Consider H. Willett, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This suit was brought to recover the price of seven land warrants, which it is claimed were counterfeit. The only controverted question of fact, related to the purchase of the warrants by appellee of appellants. It is urged that the evidence failed to prove that appellee purchased this scrip or land warrants, but having purchased a number of such warrants, the following year after this purchase, it is claimed the evidence is not sufficient to identify the scrip. The evidence is sufficient to warrant the finding. It was for the jury to say whether those purchased and those offered to be returned were the same, and whether they are counterfeit. And we think the evidence clearly preponderates in favor of the finding.

An examination of the evidence shows that appellants were notified that the scrip had been pronounced counterfeit at the General Land Office, soon after it was made known to appellee. And he, soon after the scrip came back from Washington City, offered to return it to appellants, but they refused to

receive it and to settle the matter.    Appellee was only required to give the notice and to offer to return the scrip in a reasonable time after he discovered that it was counterfeit, and he seems to have offered to do so at quite as early a day as could be reasonably done.    He says the offer was made very soon after they were returned to him by the officers of the land office.

It is urged that, inasmuch as the officers of the land office received this scrip as genuine, when they were used in the entry of lands, and no objections being made when they were returned to the General Land Office and patents were issued, the government adopted them as genuine, and had no power three or four years afterwards to declare they were counterfeit, and return them and demand other scrip in their place. And that appellee was not, after that time, bound to replace the counterfeit with genuine scrip, nor were appellants bound to take the scrip back and refund the money.    And that appellee, in purchasing other scrip, acted voluntarily, and did not, thereby, impose any liability on appellants.

We do not think this view presents the relations existing between the parties.    A person who sells personal property is always understood as warranting the title.    And as a general, if not a uniform, rule, a person passing bank bills or commercial paper, or selling a chose in action, is understood and held as guarantor of the genuineness of the instrument, and this, whether he does so in terms, or is silent when the transfer is made.    When appellants sold and delivered these land warrants, there was an implied warranty that they were genuine, and the law implied an obligation to restore the money to the purchaser when it was ascertained they were counterfeit, and an offer was made to return them in a reasonable time.    The jury found they were spurious, and an offer to return them in a reasonable time.

Appellee paid his money to appellants for genuine scrip, and they delivered to him seven-tenths of the amount purchased in counterfeit scrip.    Thus the consideration failed to that extent, and, on the failure of consideration, an action

accrued to him to recover back the money paid for such scrip. Whether or not the officers of the General Land Office were remiss in not sooner having detected the fact that the scrip was spurious, did not change his right of recovery. The action did not grow out of the rejection of the warrants by the government, or their return to appellee, but from the fact that the consideration had failed for which he had paid his money. Had they been genuine, and they had been returned as spurious, all will concede that no right of recovery would have accrued.

As to the action by the officers of the General Land Office in requiring the warrants to be replaced by others which were genuine, it is sufficient to say that if the government did not have the right to withdraw the patents and cancel the entries, it had the right to file a bill and have them canceled, or to have sued appellee and recovered the price of the land. He had acquired and held the land of the government, for which he had paid no consideration. and it would have been a fraud on the government to have held the lands thus acquired, without paying for them, even if he could have held the title.

The land officers were not authorized to receive counterfeit college scrip in payment for lands, nor were they authorized to conclude the government from questioning the genuineness of such scrip after it had been received and treated as genuine. Those officers did not issue it, and should, therefore, not be expected to detect its want of genuineness, as readily as though they had signed and issued such scrip. They are bound by the law, and have no power to waive the rights of the government, nor to bind it by their acts, beyond the extent of the power conferred for that purpose. See *The People* v. *Brown,* 67 Ill. 435. In this respect, their power differs from that of individuals or corporations. There, the law holds that where they receive spurious paper, purporting to have been issued by them, from an innocent holder, and treat it as genuine, they are held to be estopped from questioning its

validity.   But such is not the rule with government officials.

In a suit to recover on a total failure of consideration, the measure of damages is, the money paid, with interest from the day of its payment till the time of recovery.   This is believed to be a rule without exception.   In fact, we do not perceive how any other just rule could be adopted.   Appellee has received no benefit from having received these spurious warrants, he has been deprived of the use of his money, and fair dealing would require that he should, at least, recover it back, with legal interest.   It then follows that the court below did not err in telling the jury that the measure of damages was the price paid, with legal interest, from the day it was paid.

Perceiving no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*