Koch, Respondent, vs. Hustis and wife, Appellants.

*October 21, 1901—April 1, 1902.*

|     |     |
| --- | --- |
| 113 | 599 |
| 113 | 605 |

*Deeds: Construction: Implied covenants: Easements: Dominant and servient estates.*

1. Under sec. 2204, Stats. 1898, providing that no covenant shall be implied in any conveyance of real estate whether such convey- ance contain special covenants or not, a deed which grants a mill lot bounded on one side, by a canal or race, together with the right to draw water through a described aperture in the side of the canal, subject to prior rights, upon condition that the grantee make one third of all necessary repairs upon the dam and race, and containing covenants of warranty, but no covenant in express words binding the grantors to make any such repairs, cannot be construed as covenanting that the grantors will make the other two thirds of such repairs.

2. It seems that a covenant "by construction" is the same as a covenant "by implication."

3. In general the owner of an easement upon another's land is bound to make all necessary repairs. The owner of the servi- ent estate is not bound to make repairs in the absence of an agreement to do so.

APPEAL from a judgment of the county court of Dodge county: J. A. BARNEY, Judge. *Reversed.*

This is an action to recover two thirds of the value of cer- tain repairs alleged to have been made by the plaintiff upon a milldam owned by the defendant *Laura A. Hustis,* and also for damages for the failure to furnish water from the canal supplied by said dam to the plaintiff's mill. The an- swer of the defendants admitted the ownership of the dam, and admitted that the plaintiff was entitled to draw 875 square inches of water from an aperture in the canal, but denied the making of any repairs by the plaintiff, and al- leged that, if there was any failure of water, it was on ac- count of a deficiency of water in the river, for which they were not liable. The answer also set up the six-year statute of limitations as a defense. A jury was impaneled to try

the action, and the plaintiff moved for a reference, for the reason that a trial involved the examination of a long account. This motion was granted, and the defendants excepted to the order. The action was afterwards tried before the referee, and from the evidence it appeared that on the 18th of August, 1864, the defendants, by warranty deed, conveyed to one Frank Koenig and the plaintiff a certain piece of land on the margin of Rock river, together with the right to draw as much water "to propel machinery on said land as can be drawn through a square opening in the side of the canal or mill race, or aperture, of the size of 875 square inches," under a head of seven feet above the bottom of the millrace, subject, however, to the prior right of one Cole and two other parties to draw water from said millrace. The deed contained the following covenant on the part of the parties of the second part:

"That the said parties of the second part, their heirs or assigns, shall make one third of all the repairs on the milldam next above the said grist or flouring mill across the said river, and one third of all the repairs needed on the canal or millrace from the said dam by which the water may now or at any time thereafter be drawn therefrom, it being the true intent and meaning of this deed that the said parties of the second part shall take precedence in the use of said 875 inches of water over all parties, . . . subject only to the duty aforesaid of promptly making the said repairs on the said canal or millrace and the said milldam, as the same may become necessary."

The deed further contained the usual covenants on the part of the defendants of seisin against incumbrances and of quiet possession. At the time of the making of this deed, *Laura A. Hustis* was the owner in fee of the premises deeded, and also of the milldam referred to in the deed and the canal and millrace. This milldam was situated at Hustisford in Dodge county, and lay across the Rock river. The lot conveyed by the deed aforesaid was below the dam, and no part

of the dam was in terms conveyed by the 'deed. It further appeared that by subsequent conveyances all the rights under the deed aforesaid became vested in the plaintiff in the year 1870. The plaintiff claims that, beginning in the year 1870, and running up to the year 1894, when this action was commenced, he made necessary repairs upon the dam amounting to more than $1,200 in the aggregate, such repairs amounting in some years to not more than $25, and in other years to several hundred dollars; that at various times he asked the defendant *John Hustis* to assist in the making of these repairs, but that he refused to give any assistance on the ground that he had no benefit from the dam. The plaintiff further claimed that during a number of years between 1874 and 1891 he received no water through the canal for a number of months during each year, and was damaged thereby in the aggregate in the sum of $3,600. The referee found that there was no covenant on the part of the defendants to pay two thirds of the repairs upon the dam, but that the defendants were liable for two thirds of such repairs from August 18, 1888, until August 18, 1894, the date of the commencement of this action; that all the claims for repairs prior to 1888 were cut off by the statute of limitations; that the sum of $332 had been paid by the plaintiff for repairs during the six years prior to the commencement of the action, less the sum of $19.92 paid by the defendants by furnishing gravel for such repairs; and that the plaintiff was entitled to recover two thirds of such repairs from the defendants, amounting to $201.42. The court modified the report of the referee by finding that the defendants, by virtue of said deed of August 16, 1864, covenanted to pay two thirds of the necessary repairs upon the dam, and that the statute of limitations does not apply to the claim for such repairs, and that the plaintiff is entitled to judgment for the sum of $999, being two thirds of the repairs made by the plaintiff upon the dam from the year 1870 up to the commencement of this ac-

tion. Judgment was entered for the plaintiff in accordance with these findings, and the defendants appeal.

For the appellants there were briefs by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *C. F. Fawcett.*

For the respondent there was a brief by *Sanborn, Luse, Powell & Ellis,* and a supplemental brief signed *Sanborn, Luse & Powell,* attorneys, and *H. K. Butterfield,* of counsel, and oral argument by *A. L. Sanborn.*

The following opinion was filed November 5, 1901:

Winslow, J. It was frankly admitted upon the argument of this case by counsel for the respondent that the controlling question upon the merits of this case is simply as to the proper construction of the defendant's deed, which is set forth in the statement of facts; and that, if the plaintiff is entitled to recover for the repairs to the dam made by him, it must be because by that deed the defendants bound themselves to make two thirds of such repairs.

The deed in question was one by which the defendants granted, bargained, and sold to the plaintiff a mill lot bounded on one side by the canal or race, together with the right to draw from the canal as much water as could be drawn through a certain described aperture in the side of the canal, subject to the prior right of certain previous grantees, and upon condition that the plaintiff should make one third of all necessary repairs upon the dam and race. The deed also contained covenants of warranty, of quiet possession, and a covenant against incumbrances in the terms usually employed in deeds of warranty. There was no covenant in the deed in express words binding the defendants to make any repairs upon the dam or race.

But the plaintiff's contention is that there was really such a covenant contained in the deed by necessary construction; that, because a perpetual right is granted, which cannot, in the nature of things, exist for any great length of time with-

out repairs to the dam and canal, there results from such grant an obligation on the part of the defendants by clear and necessary construction to make the other two thirds of the repairs. Our statute (Stats. 1898, sec. 2204) provides that "no covenant shall be implied in any conveyance of real estate whether such conveyance contain special covenants or not." This language is very broad, and seems scarcely open to any construction which would import into it an exception of any kind. Doubtless it was primarily aimed at the doctrine of implied covenants at common law, under which a covenant of warranty was implied from the word "*dedi*" in the deed, or a covenant for title from the words "*demisi*" or "*concessi*" in a lease. Rawle, Covenants (5th ed.), § 270 *et seq.* We do not see, however, how the section can be confined to such. covenants. This court has very recently held that under it there can be no implied contract of quiet enjoyment in a lease (*Koeber v. Somers,* 108 Wis. 497), nor as to the fit condition of the property leased (*Hunter v. Hathaway,* 108 Wis. 620). In each of these cases the lease in question was for a longer period than three years, and hence was a conveyance, and governed by the section quoted. Stats. 1898, sec. 2242. Of course, if a conveyance of land contains also a transfer of personal property, the question as to whether any covenant concerning such personal property will be implied is entirely different, and one which is not before us, and upon which we intimate no opinion.

It seems certain, therefore, that under our statute no covenant to repair can be implied from the terms of the deed in question, and we do not understand that the plaintiff's counsel so contend, but their contention, as before stated, is that the deed actually contains such a covenant by necessary construction of its provisions.

This theory of a covenant "by construction" certainly comes perilously near to a covenant "by implication." To say that there is such a covenant in a deed in the absence of express

words, we must be able to say that the language of the deed necessarily means such an agreement. It is not sufficient to say that there are certain agreements in the deed which would be unreasonable or unlikely to be made in the absence of some counter agreement, and hence that the counter agreement must be supplied by construction, because this would amount to nothing more nor less than the creation of the supposed counter agreement by implication. In our judgment, this is what the plaintiff's contention amounts to in the final analysis.

As a general proposition, the owner of an easement upon another's land is bound to make all necessary repairs, and may enter for that purpose at all reasonable times. The owner of the servient estate is not bound to make repairs in the absence of an agreement so to do. He is bound not to obstruct the enjoyment of the easement by any affirmative act. Washburn, Easements (4th ed.), 730 *et seq.*

The view we have taken of the case renders unnecessary the consideration of other questions raised.

*By the Court.*—Judgment reversed, and action remanded with directions to enter judgment dismissing the complaint.

A motion for a rehearing was denied April 1, 1902.