GOLDMAN, Appellant, vs. DIEVES and others, Respondents.

*November 17—December 8, 1914.*

*Landlord and tenant: Failure of lessee to obtain possession: When covenants cannot be implied: Remedies: Recovery of bonus: Breach of covenant.*

1. Although a lease contains covenants binding the lessee to make certain repairs and to do certain other things with reference to the leased premises, the lessor does not for that reason *expressly* covenant that the lessee be given possession; and under secs. 2204, 2242, Stats., if the lease be for a term exceeding three years no covenant to put the lessee in possession can be implied.

2. When the lessor in a lease for a term exceeding three years is unable to deliver possession to the lessee, such lessee, even though not protected by proper covenants, may withhold the rent or, if paid, recover it back for the period for which possession has been withheld.

3. For acts of the lessor in such a case which tended to prevent the lessee from obtaining possession and were in derogation of the lease, the lessee may recover damages although the lease contained no express covenant by the lessor to put him in possession.

4. A bonus paid prior to the execution of a lease for a term exceeding three years without covenants by the lessors to deliver possession or as to quiet enjoyment, to secure such lease at that time in advance of the termination of an existing lease to another person, cannot be recovered back by the lessee even though he is unable to secure possession at the beginning of his term.

5. A covenant by lessors of premises to be used as a jewelry store that during the term (which was to commence at the termination of another lease) no other jewelry store should be *allowed* in any portion of the building of which the leased premises were a part, was not breached by the fact that a tenant then using the leased premises as a jewelry store wrongfully held over after his term in defiance of the lessors, who proceeded to put him out as soon as the law would permit.

APPEAL from a judgment of the circuit court for Milwaukee county: MARTIN L. LUECK, Judge. *Affirmed.*

For the appellant there was a brief by *Edgar L. Wood,* attorney, and *Nathan Glicksman,* of counsel, and oral argument by *Mr. Wood.*

For the respondents there was a brief by *Lorenz & Lorenz* and *Lawrence A. Olwell,* attorneys, and *Bernard V. Brady,* of counsel, and oral argument by *Mr. Olwell.*

TIMLIN, J. This action is brought upon a lease attached to and made part of the complaint. This lease was made and dated on March 17, 1906, and demised to the plaintiff a certain store building on Grove street in Milwaukee for the term of five years from May 1, 1906. It is averred that at the time of making said lease the premises were occupied by a tenant of the lessors, who continued in possession thereof until December 3, 1906. On May 1, 1906, the plaintiff demanded possession of the leased premises and the defendants failed and neglected to deliver the possession thereof on said day or at any time thereafter prior to December 3, 1906, when the plaintiff went into possession under said lease. Other averments in the complaint relate to the damages resulting from this alleged breach.

The learned circuit court directed a verdict for defendants on the ground that the lease contained no covenant for possession or quiet enjoyment, and the statutes of this state, secs. 2204 and 2242, provided that no covenant should be implied in any such conveyance.

It appeared that the plaintiff acquired the lease in question for the purpose of using the leased premises as a jewelry store; also that the premises were at the date of execution of said lease and up to December 3, 1906, used for a jewelry store by a competitor of the plaintiff. This man was the sublessee of a tenant of defendants whose term expired April 30, 1906. This sublessee held over, and the defendants at request of plaintiff promptly began an action of unlawful detainer against him which resulted in a judgment of restitution in the justice's court. The sublessee gave a *supersedeas* and appealed to the circuit court, where after trial judgment of restitution was again entered in favor of defendants and against the subles-

see, who thereupon vacated the premises.    This litigation carried the matter along to December 3, 1906.    Shortly prior to March 17, 1906, and in order to help him obtain the lease, the plaintiff paid a bonus of $700 to one of the lessors, $200 to an attorney for the lessors, and $25 to a messenger boy, who was a son of one of the lessors.    At the time of obtaining the lease he paid one month's rent, and during the time he was kept out of possession he paid the agreed rent monthly in advance.    After he got into possession he refused to pay rent to the amount theretofore paid by him before he obtained possession.    Some time later the sublessee who kept plaintiff out of possession voluntarily paid to defendants rent for the period from May 1, 1906, to December 3, 1906.

1. It is argued by appellant that the lease contains covenants binding the lessee to make certain repairs and do certain other things with reference to the leased premises and that the lessee could not comply with these covenants unless possession were given to him, hence that the lease contains an express covenant that the lessee be given possession by the lessor in order to enable the lessee to carry out his contract.  · It it true that such a covenant arises in ordinary contracts, including leases, but it is a covenant by implication.    *French v. Bent,* 43 N. H. 448; *Conrad v. Morehead,* 89 N. C. 31.    The covenant of quiet enjoyment arising from a demise and the covenant to put the lessee in possession, where these undertakings are not expressed in the lease, are also covenants by implication.    *Koeber v. Somers,* 108 Wis. 497, 84 N. W. 991; *Hunter v. Hathaway,* 108 Wis. 620, 84 N. W. 996; and *Koch v. Hustis,* 113 Wis. 599, 603, 87 N. W. 834, are decisive of this case.    See, also, *Gardner v. Keteltas,* 3 Hill (N. Y.) 330; *United Merchants' R. & I. Co. v. Roth,* 193 N. Y. 576, 86 N. E. 544.    *Poposkey v. Munkwitz,* 68 Wis. 322, 32 N. W. 35, goes upon the existence of a covenant for quiet enjoyment.    See 2 Underhill, Landl. & T. pp. 672 *et seq.*

There was no express covenant of the lease broken by the

failure to deliver possession to the lessee and no other breach is charged in the complaint. We are forbidden to find therein covenants by implication.

2. When the lessor in a lease for a term exceeding three years is unable to deliver possession to the lessee and the latter has not protected himself by proper covenants in the lease, he is not altogether remediless. He may withhold the rent, or if the rent has been paid sue to recover back the rent for the period for which possession has been withheld. This last is not a suit upon implied covenant within the meaning of secs. 2204 and 2242. It is a suit for money paid upon a consideration which has failed. This is, however, unavailable to the plaintiff in the instant case because, with the tacit acquiescence of the defendants, payments of rent for the period for which possession was withheld have been adjusted by failure to pay rent for an equal period during which the lessee had possession and use of the premises.

3. The bonus paid as stated appears by the uncontroverted evidence to have been paid prior to the execution of the lease to secure at that time, in advance of the termination of the existing lease, the lease in question. It clearly appears from the evidence that for such bonus the plaintiff got exactly that for which he paid the bonus, i. e. the early execution of a lease for five years without covenants binding the lessors to deliver him possession or maintain him in quiet enjoyment. There is therefore no right shown to recover back this bonus or any part thereof.

4. Appellant contends that there is evidence from which the jury might have found that the defendants, after the execution of the lease in question, did some act or acts tending to prevent the plaintiff obtaining possession under his lease and in derogation of the lease in that respect. If there was a basis for a finding of that kind the law is quite settled that the plaintiff would be entitled to recover damages notwithstanding the absence of express covenant in the lease and not-

withstanding the statute referred to relating to the absence of implied covenants.    But we find no evidence in the record sufficient to support such a finding.

5. A further point is made that there appears in this lease a covenant by the lessors to the effect that during the term of the lease no other jewelry store should be allowed in any portion of the three-story building of which the store in question was a part, and that damages should have been awarded for a breach of this covenant.    But no such breach is alleged in the complaint, no such breach is shown by the evidence because the lessors did not *allow* any other jewelry store in the building, and no damages were proven relevant to any such breach. It would not constitute a breach of this covenant that the sublessee held over wrongfully and in defiance of the defendants, who proceeded to put him out as fast as the law would permit.    Damages for breach of such covenant would have to be based upon the probable loss to the covenantee arising from the carrying on of a competitive business in the same building.    We find no sufficient reason for reversing the judgment of the circuit court.

*By the Court.*—Judgment affirmed.