# NETTIE L. SCOTT *v.* ESTHER N. PILIPO AND ELIZABETH K. PILIPO.

## No. 1012.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

### HON. C. W. ASHFORD, JUDGE.

ARGUED MAY 7, 1917.                              DECIDED MAY 16, 1917.

### ROBERTSON, C.J., QUARLES AND COKE, JJ.

JUDGMENTS—*res judicata—landlord and tenant.*

A judgment for the plaintiff in an action between lessor and lessee to recover rent in which the defense of eviction was unsuccessfully asserted by the defendant is not a bar to a subsequent action by the lessee to recover damages based on failure of performance and of the consideration because of the inability of the lessee to obtain possession of the demised premises.

LIMITATION OF ACTIONS—*continuing contract—lease.*

The statute of limitations begins to run against a right of action for damages for failure of performance and of the consideration of a continuing contract, not upon the first breach or failure, but from the time when the plaintiff elected to disaffirm the contract. The rule applies to a lease of land where the lessee has been unable to obtain possession.

DAMAGES—*continuing contract—period of limitation.*

In an action for damages for failure of performance or of the consideration under a continuing contract, upon its disaffirmance, the recovery is limited to such injury as occurred within the period of limitation.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is a reappearance of the case which is reported *ante* p. 349. The plaintiff claimed damages for breach of the covenant for quiet enjoyment contained in the lease entered into between the parties on August 21, 1894. It was held that a demurrer to the complaint was properly sustained on two grounds, namely: That it was not made to appear that the persons who, it was alleged, had prevented the plaintiff from

obtaining possession of the demised premises claimed title under or through the lessors, or possessed a superior title to the land; and, that as the only breach alleged in the complaint occurred more than six years before the commencement of the action, the right of action was barred by the statute of limitations. Thereafter the plaintiff obtained leave in the circuit court to amend, and a second amended complaint was filed. The new complaint contained two counts, the first of which declared again upon the express covenant for quiet enjoyment. It obviated the first ground above stated for the sustaining of the demurrer to the original complaint by alleging that the plaintiff was prevented from obtaining possession of the premises by "tenants by sufferance or at will of lessors." The time when the breach occurred (September 1, 1894) remained the same, however, and the situation with respect to the statute of limitations, as heretofore ruled on, is unchanged. As it has been stated on behalf of the plaintiff that her claim is now sought to be maintained in disaffirmance of the lease and not upon its covenant, we take it that the first count is virtually abandoned and that no further reference to that count need be made.

In the second count it was alleged that "because of said hitherto total failure and neglect of lessors to make the demised premises available to lessee, plaintiff now elects to rely no longer on performance by lessors, but to treat said failure as entire, and to treat said lease as terminated, and under the obligations implied from said contractual relations to claim damages" etc. It was alleged that during the first five years of the term the lessee paid rent in the sum of $1590; that on January 2, 1914, she paid a judgment obtained against her by the defendants in an action for rent which, with costs of defending the action, amounted to the sum of $2551.65; that on June 25, 1915, and on November 4, 1915, the defendants obtained judgments in further actions

for rent in the sums of $1992.73 and $761, which judgments, though not paid, are "incontestable and will have to be paid." Those several sums, with interest, and the further sum of $2500, the alleged value of the unexpired term of the lease, the plaintiff prays to recover as damages in this action. The court below overruled a demurrer and a plea in bar filed by the defendants, and the case is here upon an interlocutory bill of exceptions allowed by the circuit judge.

The amended complaint was filed evidently without objection on the part of the defendants. A demurrer was interposed demurring generally to the amended complaint and setting up the statute of limitations. And as, for reasons which will be stated, we think the second count set forth a cause of action, we hold that the demurrer was properly overruled.

The defendants' plea in bar set forth that in the actions for rent referred to in plaintiff's complaint the defendant set up and undertook to prove in defense of the actions an actual eviction from a part or the whole of the demised premises and that the issue was in each case determined adversely to the defendant, the plaintiff herein. No issue appears to have been joined upon the plea in bar, but some sort of a hearing was had and the plea was overruled. Assuming that it was proven or admitted that in the actions for rent the defense of eviction was unsuccessfully set up, it does not follow that the plaintiff may not maintain the present action for, as shown in *Pilipo* v. *Scott,* 21 Haw. 609, the defense of eviction may have failed for the very reason that the lessee had never obtained possession of the demised premises or the part as to which eviction was claimed. Under the second count of her amended complaint the plaintiff claims damages for alleged failure of performance on the part of her lessors resulting in the inability on her part to obtain possession of the premises, but in disaffirmance of the lease. This is a new right of action as-

serted now for the first time, and the plea in bar does not show that the issue has heretofore been litigated between the parties, or that it could and should have been litigated in the former actions. In *Scott* v. *Pilipo,* 21 Haw. 766, the plaintiff sought an injunction to restrain the enforcement of a judgment in an action for rent, averring that she had at no time been able to obtain possession of any of the demised land. This court held that the fact relied on was available in defense to the claim for rent, and that the failure to assert the defense not being due to any fraud or fault of the plaintiffs in the action the complainant was not entitled to the relief prayed for. But if, upon a trial upon the merits of the present case, the plaintiff should prove her allegations she will be entitled to recover at least nominal damages and be relieved from further liability for rent. "Where possession of the demised premises is withheld from the lessee, he may maintain an action of ejectment against any person, including the lessor, who so wrongfully withholds the possession from him; or if possession is withheld by the lessor, or one claiming under him, the lessee may at his option repudiate the contract, or bring an action for damages against the lessor for a breach of his agreement." 24 Cyc. 1051, 1052.

In an action for breach of a covenant for quiet enjoyment the rent paid in advance and the value of the unexpired term over and above the rent reserved may be recovered. *Ante* p. 354. But where, as here, the contract is repudiated on failure of consideration or performance the measure of damages is generally the amount of money which has been paid under it, with interest. See *Kopelman* v. *Gritman,* 136 N. Y. S. 296; *Goldman* v. *Dieves,* 159 Wis. 47, 50; *Riverside Co.* v. *Husted,* 109 Va. 688; *Tyler* v. *Bailey,* 71 Ill. 34. The question whether any recovery can be had in respect of the amounts for which judgments were recovered, since the validity of the judgments is conceded

and the facts now alleged could have been used in defense of those actions, was not raised by the plea in bar and is not now before us.

The application of the statute of limitations differs also in the two classes of cases. An action for damages for the breach of covenant must be brought within six years from the date on which the breach occurred, whereas an action which proceeds in disaffirmance of the contract may be commenced within six years of the date of its repudiation by the plaintiff. And the repudiation need not occur immediately upon breach but may be made at any time during the continuance of the contract. The defendants in this case cannot say that the lease is not in force for they have continued to demand rent under it. We think the rule applicable to the failure of performance under a continuing contract applies here, and that the statute has not run against the action based, as it is, on the disaffirmance of the contract as the disaffirmance has only just now been made, though the recovery would be limited to damages sustained within the period of limitation. See 25 Cyc. 1104, 1106; *Richter* v. *Land Co.,* 129 Cal. 367, 375; *McCay* v. *McDowell,* 80 Ia. 146; *Nelson* v. *Traction Co.,* 142 S. W. (Tex.) 146; *Whitley* v. *Whitley,* 80 S. W. (Ky.) 825.

The continuous litigation between these parties with respect to this lease and their rights under it has taxed the patience of this court. It is high time that those rights were settled and the litigation brought to an end. The disadvantageous and complicated nature of the plaintiff's tenancy has been adverted to in prior decisions of this court, but this case seemingly presents an opportunity which, if taken proper advantage of by the litigants, may enable the court to decide all disputed facts and definitely pass upon the legal questions involved.

The exceptions are overruled.

*M. F. Scott* for plaintiff.

*E. K. Aiu* and *N. W. Aluli* for defendants.