# WONG NIN *v.* THE CITY AND COUNTY OF HONOLULU.

## No. 2198.

FILED APRIL 13, 1935.                    DECIDED APRIL 18, 1935.

COKE, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY COKE, C. J.

Plaintiff, through his counsel, has interposed herein a petition for a rehearing basing his application on the ground that this court erred in its definition of "valid, legal claim" as the term is used in Act 194, L. 1931, as amended, plaintiff contending that the court overlooked the established rule that a claim barred by the statute of limitations does not lose its character as a valid, legal claim since the remedy only is barred and that upon the removal of the obstacle by the repeal of the statute the claim may be prosecuted in the same way as it might have been prosecuted originally. Reiterating what we have said in our former opinion (*ante* p. 379), a claim barred by the statute of limitations is not a valid, legal claim. Aside from the authority in support of this doctrine of law heretofore cited we call attention to the decision in *Kyle* v. *Wells,* 55 Am. Dec. 555: "When a claim is barred by the statute of limitations, it ceases to be a legal, and becomes a mere moral, right." The supreme court of Wisconsin in *Eingartner* v. *Illinois Steel Co.,* 79 N. W. 433, said: "While the statute of limitations acts on the remedy, when the period of limitation has run the bar of the statute, itself, is property and cannot be taken from its possessor adversely; and the effect of that vested right is to extinguish the claim upon which it operates, and in that sense it

is properly said that the bar of the statute of limitations extinguishes the right. It is as effective as payment or any other satisfaction of a claim, because the remedy to enforce it cannot be restored or any remedy given in place of it contrary to the will of the owner of the right of defense." And in *Martin* v. *Broach*, 50 Am. Dec. 306, the rule is announced that "where there has been an acknowledgment of a debt barred by the statute of limitations the recovery must be on the new promise and not on the old debt."

We entertain no doubt whatsoever that the intention of the legislature was to provide funds to pay any legal and valid claim of the plaintiff which he could establish in a court of competent jurisdiction against the Territory or the city and county. Any portion of plaintiff's claim which was barred by the statute could not have been recovered upon by the plaintiff any more than he might have recovered upon a debt which had been paid and discharged. Such a claim does not fall within the definition of a legal and valid claim in the sense in which that term is used by the legislature.

The second ground of the petition for a rehearing is based upon the plaintiff's contention that the demurrer should have been overruled because a part of plaintiff's claim is within the statutory period and therefore not subject to attack by a general demurrer. In support of this orthodox rule counsel refers us to the decision of this court in *Scott* v. *Pilipo*, 23 Haw. 739. The mere reading of the record and opinion in this latter case at once discloses the distinction between it and the case before us. In *Scott* v. *Pilipo* plaintiff's declaration alleged damages made up of several separate items based upon the alleged failure of performance on the part of plaintiff's lessor resulting in plaintiff's inability to obtain possession of certain leasehold premises and for which reason she had disaffirmed

the lease. One of the items of damages sought to be recovered was the sum of $2500 alleged to have been the value of the unexpired term of the lease. While some of the items of damages sought to be recovered upon by Scott appear to have been barred by the statute of limitations the sum of $2500 specifically claimed by plaintiff to reimburse her for the unexpired remainder of the term of the lease was clearly not barred and the complaint therefore was not subject to a general demurrer for the obvious reason that plaintiff would, if able to prove her allegations, be entitled to recover for the specific item of damages alleged to have accrued within the statutory period. This court therefore sustained the decision of the lower court overruling defendant's general demurrer but restricted plaintiff's right of recovery to such injury as occurred within the period of limitations. In the present case we have a general allegation of damages amounting to $16,778.39 alleged to have been sustained by plaintiff by reason of the continued wrongful diversion of water by defendant from the date of the original tort to the time he filed his action—a period of some eight years. It would therefore appear that the greater part of plaintiff's damages going to make up the sum demanded was barred by the statute. At any rate it is certain that part of the claim is barred but it is impossible to ascertain from the complaint how much of plaintiff's damages fall within the statute and how much remain outside of it. This leaves the complaint devoid of any averment apprising the defendant of the amount sought to be recovered and thus the complaint fails to comply with one of the elementary rules of pleading, namely, that in an action for damages the complaint should state the extent of the damages suffered. See 67 C. J. 734. The defendant is entitled to be advised through the medium of plaintiff's declaration the amount demanded

of it. The absence of a specific allegation in the complaint setting forth the sum sought to be recovered by plaintiff against defendant for damages sustained within the statutory period of limitations is fatal to the complaint and the demurrer must be sustained.

The petition for rehearing is denied.

*Robertson & Castle* for the petition.